# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS MARTIN-GUIDEL,<br><br>Defendant. | Case No.: 2:18-cr-00148-JCM-NJK<br><br>**ORDER**<br><br>(Docket No. 49) |

Pending before the Court is Defendant Luis Martin Guidel's motion to see an orthodontist. Docket No. 49. The Court has considered Defendant's motion, the United States' response, and the United States' exhibits. Docket Nos. 49, 52, 53, 54. No reply was filed. *See* Docket.

Defendant submits that he has been in custody in the Nevada Southern Detention Center for approximately one year. Docket No. 49 at 1. Defendant further submits that he has braces on his teeth and has asked to see an orthodontist but has not been allowed to see one during his incarceration. *Id*. Finally, Defendant submits that he wants to see an orthodontist to remove his braces and to provide him with a retainer. *Id*. at 2.

In response, the United States submits that, to the extent Defendant seeks release from custody to visit an orthodontist, it objects to his release, as United States Magistrate Judge Carl W. Hoffman detained him both as a risk of non-appearance and a danger to the community. Docket No. 52 at 1. To the extent Defendant asks the Court to order the United States Marshal to provide him with orthodontic care while in its custody, the United States submits, it defers to the United States Marshal. *Id*. at 2. The United States further submits that the United States Marshal is providing Defendant with appropriate medical care, in accordance with its policies. *Id*.[1] The

---

[1] Specifically, the United States Marshal submits that the onsite dentist's documentation reveals "no medically necessary indication for referral to an outside orthodontic specialist." Docket No. 52-1 at 1. Prisoners at this facility may allow pre-existing braces to remain in place and serve as a retainer or may request removal of braces by the onsite dentist. *Id*. The United States Marshals Service submits that this position is in line with the Federal Bureau of Prisons dental guidelines that orthodontic treatment is non-essential and "not in the scope of services offered in correctional health care systems." *Id*.

1

United States submits that Defendant was given the option to have his braces removed by an on-site dentist at the Nevada Southern Detention Center but declined that offer. *Id*. The United States further submits that Defendant's motion does not raise a cognizable claim and, therefore, his complaint should be addressed to the Warden and/or Detention Center Administration via the internal grievance policy, rather than by way of a motion to the Court. *Id*. Finally, the United States submits that the Court should "exercise restraint" rather than involve itself in the day-to-day management of prisons. *Id*. at 3.

Defendant's motion simply states, without authority or elaboration, that he has been in custody for approximately one year and that he wants to see an orthodontist to have his braces removed and to receive a retainer. Defendant has failed to address, *inter alia*, why he declined the offer to have his braces removed by the onsite dentist and whether a retainer is appropriate or necessary. Further, the "failure of a moving party to include points and authorities in support of the motion constitutes a consent to denying the motion." LCR 47-3.

Accordingly, for the reasons stated above, Defendant's motion to see an orthodontist, Docket No. 49, is **DENIED**.

IT IS SO ORDERED.

DATED: May 14, 2019.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE